IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL LEWIS ABDICH**, | Case No. 6:12-cv-02172-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,** Commissioner of Social Security**,** | |
| Defendant. | |

Sara L. Gabin, Sara L. Gabin, P.C., 14523 Westlake Drive, Lake Oswego, OR 97035-7700.
Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States
Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite
600, Portland, OR 97204-2902; John C. Lamont, Special Assistant United States Attorney,
Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900
M/S 221A, Seattle, WA 98104-7075.
Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Mr. Michael Lewis Abdich seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying Mr. Abdich's

application for Disability Insurance Benefits ("DIB") and Supplemental Security Income

Benefits ("SSI"). For the following reasons, the Commissioner's decision is AFFIRMED.

## BACKGROUND

### A.  The Application

Mr. Abdich protectively filed an application for DIB and SSI on August 5, 2009, alleging

disability beginning on August 3, 2009. Administrative Record ("AR") 22. Mr. Abdich alleges

disability due to physical impairments, including repair of an abdominal aortic aneurism,

hypertension, and pain in the groin, back, abdominal, and leg regions. AR 25-26. The

Commissioner denied Mr. Abdich's application both initially and on reconsideration, and Mr.

Abdich then requested a hearing before an Administrative Law Judge ("ALJ"). AR 22. An

administrative hearing was held on May 13, 2011. *Id.* The ALJ determined that Mr. Abdich was

not disabled. *Id.* The Appeals Council denied Mr. Abdich's request for review, making the ALJ's

decision the final decision of the Commissioner. AR 1. Mr. Abdich now seeks judicial review of

that decision.

### B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§ 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each

step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step

sequential process asks the following series of questions:

1.     Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.     Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);

> 416.960(c). If the claimant cannot perform such work, he or she is
> disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

After noting that Mr. Abdich met the insured status requirements of the Social Security Act through December 30, 2010, AR 24, the ALJ applied the sequential analysis. At step one, the ALJ found that Mr. Abdich had not engaged in substantial gainful employment after the alleged onset date of disability. *Id.* At step two, the ALJ found that Mr. Abdich had a severe impairment of a history of repair and resection of an abdominal aortic aneurysm. *Id.* At step three, the ALJ found that Mr. Abdich did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 25.

The ALJ then determined Mr. Abdich's RFC. *Id.* The ALJ found that Mr. Abdich had the RFC to perform light work, with the exception that Mr. Abdich could only occasionally climb

ramps or stairs and could never climb ladders, ropes, or scaffolds. *Id.* At step four, the ALJ found

that Mr. Abdich was capable of performing past work as an electronics production tester,

consistent with his RFC. Thus, the ALJ found that Mr. Abdich was not disabled at step four of

the sequential analysis. AR 28. The ALJ also found that Mr. Abdich was capable of performing

jobs that were available in significant numbers in the national economy. AR 28-29. Therefore,

the ALJ concluded, in the alternative, that it was also appropriate to find at step five that

Mr. Abdich was not disabled.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*,

554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679

(9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A]

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630

(9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal

PAGE 5 – OPINION AND ORDER

quotations omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray,* 554 F.3d at 1226.

## DISCUSSION

Mr. Abdich seeks review of the ALJ's determination that he was not disabled under the Social Security Act. Specifically, Mr. Abdich argues that the ALJ erred by: (1) formulating an RFC that was inadequate because it did not include all of Mr. Abdich's limitations; and (2) failing to conclude that the Commissioner did not meet her burden at step five of the sequential analysis.

## A. Mr. Abdich's Residual Functional Capacity

Mr. Abdich argues that the ALJ erred by relying on an RFC that was inadequate because it did not include all of his properly considered limitations. Specifically, Mr. Abdich argues that the ALJ improperly rejected Mr. Abdich's own testimony regarding the severity of his pain and symptoms and the testimony of Mr. Abdich's mother, Ms. Millie Hardin. Mr. Abdich contends that had the ALJ properly credited that testimony, his RFC would have included additional limitations. The Court finds that the ALJ provided clear and convincing reasons for discounting Mr. Abdich's credibility and germane reasons for discrediting Ms. Hardin's testimony. Thus, the ALJ did not improperly exclude limitations from Mr. Abdich's RFC.

### 1. Mr. Abdich's Testimony

#### a. Legal Standards

The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*,

504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir.

1991) (*en banc*)). The claimant "need not show that her impairment could reasonably be

expected to cause the severity of the symptom she has alleged; she need only show that it could

reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282

(9th Cir. 1996).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the

ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting

*Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; [the

ALJ] must state which . . . testimony is not credible and what evidence suggests the complaints

are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be

"sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing

*Bunnell*, 947 F.2d at 345-46).

The ALJ may consider objective medical evidence and the claimant's treatment history,

as well as the claimant's daily activities, work record, and observations of physicians and third

parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d

at 1284. The Commissioner recommends assessing the claimant's daily activities; the location,

duration, frequency, and intensity of the individual's pain or other symptoms; factors that

precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any

medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other

than medication, the individual receives or has received for relief of pain or other symptoms; and

any measures other than treatment the individual uses or has used to relieve pain or other

symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186.

 Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary

techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent

statements concerning the symptoms, . . . other testimony by the claimant that appears less than

candid [and] unexplained or inadequately explained failure to seek treatment or to follow a

prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a

negative credibility finding "solely because" the claimant's symptom testimony "is not

substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466

F.3d 880, 883 (9th Cir. 2006).

### b.  The ALJ's Adverse Credibility Finding

 At step one of the two-step process, the ALJ determined that Mr. Abdich had a medically

determinable impairment that could reasonably be expected to cause some degree of the alleged

symptoms. At step two, the ALJ found that Mr. Abdich's subjective symptom testimony was not

fully credible. Because the record does not contain any affirmative evidence of malingering, the

ALJ is required to provide clear and convincing reasons to discredit Mr. Abdich's testimony. *See*

*Lingenfelter*, 504 F.3d at 1036. The ALJ cited two reasons for partially discrediting Mr. Abdich's

testimony, including: (1) inconsistency with the objective medical evidence; and (2)

inconsistency with Mr. Abdich's activities of daily living. Each of the ALJ's specific reasons is

clear and convincing, and supported by substantial evidence in the record.

 Mr. Abdich testified that after undergoing surgery in August, 2009, he has been

continuously unable to sit or stand for more than 30 to 45 minutes at a time and that on a scale of

zero to ten, with zero being no pain, he experiences pain at level six in his right leg and level five

to seven in his hip area. The ALJ agreed that the severity of the symptoms that Mr. Abdich

described could reasonably be expected to persist for some period of time after Mr. Abdich underwent surgery. The ALJ found, however, that Mr. Abdich's testimony that those symptoms persisted for a period of at least 12 months, which is required to establish a period of disability under the SSA, lacked credibility because it was inconsistent with the objective medical evidence and with Mr. Abdich's reported activities of daily living.

### i.   Inconsistency with Medical Evidence

Inconsistency with the objective medical evidence is a clear and convincing reason to discredit a claimant's symptom testimony. *See Smolen*, 80 F.3d at 1284. Thus, the ALJ's decision to discredit Mr. Abdich on that ground must be upheld if it is supported by substantial evidence in the record. 42 U.S.C. § 405(g). The ALJ cited the objective medical opinions of Mr. Abdich's physicians as contradicting the persistence of the symptoms that Mr. Abdich alleged. Mr. Abdich's operating surgeon and treating physician, Dr. Shawn Morgan, opined on September 24, 2009, shortly after Mr. Abdich's second surgery, that Mr. Abdich was "doing very well in general." The ALJ referenced Dr. Morgan's contemporaneous report that Mr. Abdich showed no evidence of hernia or facial deficiencies, exhibited normal bowel function, and was capable of engaging in sexual activity. The ALJ reasonably interpreted Dr. Morgan's opinion as evidence that Mr. Abdich was recovering normally from his surgery, contrary to Mr. Abdich's testimony regarding the alleged severity of his symptoms. The ALJ also cited the medical opinions of medical consultants Sharon Eder, M.D. and Linda Jenson, M.D. of Disability Determination Services, who opined that Mr. Abdich would be capable of performing light exertion within 12 months of the alleged onset date.

Later medical evidence also supports the ALJ's adverse determination of Mr. Abdich's credibility. During a January 2011, office visit to Dr. Margaret Lang Smith, Mr. Abdich reported that despite experiencing groin pain for more than six months, he had not been taking any

medication. Dr. Smith also reported that Mr. Abdich had no tenderness in the groin area and demonstrated normal coordination and gait. Thus, Dr. Morgan's opinion that Mr. Abdich was recovering normally from his August, 2009, surgery is corroborated by medical evidence from 2011, further supporting the ALJ's conclusion that Mr. Abdich's pain and symptoms were not as severe as Mr. Abdich alleges.

Mr. Abdich cites a vocational evaluation report conducted in April, 2012, by Peggy Wright, CRC, entered into the record after the ALJ issued his opinion, as conflicting medical evidence supporting the veracity of Ms. Abdich's testimony. Mr. Abdich also refers to the medical records of Dr. John Najera, also entered into the record after the ALJ's opinion, noting that an MRI taken in December of 2011 revealed that Mr. Abdich suffers from degenerative disc disease. The Appeals Council considered this new evidence and determined that it was insufficient to warrant reconsideration of the ALJ's opinion.

The medical opinions that Mr. Abdich cites are insufficient to invalidate the ALJ's conclusion that Mr. Abdich's testimony regarding the severity of his pain and symptoms is not fully credible. "The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984). Dr. Wright's and Dr. Najera's reports may be reasonably interpreted to suggest a greater degree of pain and limitation than indicated by the other medical sources adopted by the ALJ. They do not, however, clearly contradict and outweigh the opinions of Dr. Morgan, Dr. Eder, Dr. Jenson, and Dr. Smith, so as to render the ALJ's interpretation of the medical evidence unreasonable. Considering the entire medical record, including Dr. Wright's and Dr. Najera's opinions, the ALJ's conclusion that the medical evidence is

inconsistent with the severity of pain and symptoms that Mr. Abdich alleged is supported by substantial evidence.

### ii.  Inconsistency with Activities of Daily Living

Inconsistency between a claimant's testimony and his activities of daily living is also a clear and convincing reason to discount the claimant's credibility. *Smolen*, 80 F.3d at 1284. In January 2011, Mr. Abdich reported to Dr. Smith that he engaged in woodworking and walked ten miles per day. Mr. Abdich also reported no difficulty with driving a car or climbing stairs. Additionally, Mr. Abdich's mother testified at the hearing that Mr. Abdich vacuumed for her. The ALJ concluded that these activities were inconsistent with Mr. Abdich's allegation that he was experiencing disabling pain and limitation and could not sit or stand for more than 30 to 45 minutes at a time. This conclusion by the ALJ is supported by substantial evidence, providing a second and independent basis for discounting Mr. Abdich's credibility.

### 2.  The Lay Witness Testimony

Mr. Abdich also argues that the ALJ improperly discredited the testimony of Mr. Abdich's mother, Millie Hardin. The Court finds that the ALJ provided specific, germane reasons for discrediting Ms. Hardin's testimony.

Lay witness testimony pertaining to a claimant's symptoms, or how an impairment effects the claimant's ability to work, is competent evidence that the ALJ must consider. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ must either credit the testimony or provide reasons "germane to each witness" for rejecting it. *Dodrill*, 12 F.3d at 919. After the ALJ has provided clear and convincing reasons for discounting the testimony of a claimant or lay witness, the ALJ may reject similar testimony of other lay witnesses by pointing to applicable, previously stated reasons. *Id.*; *see also Valentine*

*v. Comm'r Soc. Sec. Admin.* 574 F.3d 685, 694 (9th Cir. 2009). Inconsistency with the medical record is a sufficient reason to discredit lay witness testimony. *Bayliss*, 427 F.3d at 1218.

Ms. Hardin testified that Mr. Abdich had "slowed down" after his surgery, and that Mr. Abdich appeared to be in pain. The ALJ gave only partial weight to Ms. Hardin's testimony. Although the ALJ found Ms. Hardin to be generally credible in that her testimony fairly reflected her subjective observation of Mr. Abdich, the ALJ rejected Ms. Hardin's testimony to the extent that it was inconsistent with the medical record and Mr. Abdich's activities of daily living. As explained above, the ALJ properly relied on each of those reasons to reject portions of Mr. Abdich's own subjective symptom testimony. It follows that the ALJ may properly rely on the same reasons to discredit Ms. Hardin's substantially similar testimony. *Dodrill*, 12 F.3d at 919.

**B.  The ALJ's Determination at Both Step Four and Step Five thatat Mr. Abdich was not Disabled is Supported by Substantial Evidence in the Record**

Mr. Abdich argues that the Commissioner erred by finding him to be not disabled, despite failing to meet its burden at step five of the sequential analysis. *See Tackett,* 180 F.3d at 1100. Specifically, Mr. Abdich argues that the vocational expert ("VE") did not adequately explain her testimony regarding the number of unskilled, light work jobs that were available in the national economy. The Court finds that the ALJ's conclusion that Mr. Abdich was not disabled at step four of the sequential analysis because he was capable of performing past relevant work as an electronics production tester is supported by substantial evidence in the record. Thus, any alleged error at step five of the sequential analysis is harmless. Even if the Court were to reach the ALJ's finding at step five, however, the ALJ's finding of no disability would still be supported by substantial evidence in the record.

### 1. Step Four Analysis

Step four of the sequential analysis requires a finding of no disability if the claimant is capable of performing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). The burden is on the claimant to demonstrate disability at step four. *Bustamante*, 262 F.3d at 953. The ALJ need not demonstrate that the claimant's past relevant work exists in significant numbers in the national economy in order to support a finding of no disability. *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

Mr. Abdich's past relevant work included a job as an electronics production tester. The VE testified that a job as an electronics production tester was consistent with Mr. Abdich's RFC. The ALJ relied on the VE's testimony to determine that Mr. Abdich was capable of performing past relevant work. Thus, the ALJ concluded that Mr. Abdich was not disabled at step four of the sequential analysis. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). Other than Mr. Abdich's previously rejected arguments that his RFC was inadequate, Mr. Abdich does not dispute the ALJ's determination of no disability at step four of the sequential analysis. In light of the Court's determination that the RFC is supported by substantial evidence and the VE's testimony, the ALJ's conclusion that Mr. Abdich was not disabled at step four of the sequential analysis is supported by substantial evidence.

### 2. Step Five Analysis

In addition to concluding that Mr. Abdich was not disabled at step four of the sequential analysis, in the alternative, the ALJ found at step five that Mr. Abdich was not disabled. The ALJ relied on the VE's testimony that, considering Mr. Abdich's RFC, age, education, and work experience, Mr. Abdich was capable of performing jobs that existed in significant numbers in the national economy. Mr. Abdich argues that the VE's testimony was unreliable because it was "poorly explained" and that the ALJ erred by relying on it. Mr. Abdich, essentially, urges the

Court to apply a standard for the ALJ's reliance on the VE's testimony that is similar to the admissibility standard for expert testimony under Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Ninth Circuit has previously rejected that approach. *See Bayliss*, 427 F.3d at 1218, n. 4 (refusing to apply the *Daubert* test to the ALJ's reliance on VE testimony). "A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." *Id.* at 1218.

There is no evidence in the record suggesting that the VE's testimony was not reliable. To the contrary, the VE stated that she relied on occupational surveys done by the Bureau of Labor and the Oregon Employment Service, as well as on her own research, to formulate estimates of the number and types of jobs that she believed that Mr. Abdich could perform. The ALJ is permitted to rely on the VE's testimony. *See id.* (an ALJ may rely on a VE's "testimony regarding the number of relevant jobs in the national economy"). Thus, the ALJ's finding at step five of no disability is supported by substantial evidence in the record.

## CONCLUSION

The Commissioner's determination of no disability is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 27th day of December, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge